UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Pichardo Sosa,

Petitioner,

-against-

Warden of Orange County Corrections

Respondent.

26-CV-2304 (DEH)

ORDER

DALE E. HO, United States District Judge:

On March 20, 2026, Petitioner Pichardo Sosa, through next friend Alexis Marin, filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, while Petitioner was present in the Southern District of New York.  ECF No. 1.  Petitioner, a Lawful Permanent Resident ("LPR"), alleges that his detention since February 4, 2026—when he was detained after a brief trip abroad—violates his due process rights because he has not been afforded an individualized bond hearing. Respondent argues that Petitioner's detention is mandatory pursuant to 8 U.S.C. § 1225(b)(2) and, separately, under 8 U.S.C. § 1101(a)(13)(C)(v) because of criminal convictions from 2018 involving theft by deception and controlled substances (marijuana).  Respondent further argues that given his brief period of detention, Petitioner's detention does not violate his right to due process.

On April 6, 2026, Petitioner filed a request to proceed *in forma pauperis* and moved the Court to request *pro bono* counsel.  For the reasons stated herein, these motions are **GRANTED**. Further, the hearing currently scheduled for April 15, 2026 is **ADJOURNED** sine die.

**DISCUSSION**

**I.    Request to proceed *in forma pauperis***

The Court, having reviewed Petitioner's application to proceed *in forma pauperis*, determines that leave to proceed in this Court without prepayment of fees is authorized.  *See* 28 U.S.C. § 1915.

**II.    Application to request *pro bono* counsel**

The Court finds that the appointment of *pro bono* counsel is appropriate in this case.  In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner.  In particular, Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his petition.  Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues . . . ." *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.  It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989).  There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of

the volunteer be declined, the court will locate another.  In either instance, Petitioner should be prepared to proceed with the case *pro se*.  If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

### CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case and to terminate ECF No. 15.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Petitioner at the address listed on the docket sheet for this action.

SO ORDERED.

Dated:   April 10, 2026
         New York, New York

_____
Dale E. Ho
United States District Judge

3